**NOT FOR PUBLICATION**

FILED

JAN 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

UNITED STATES OF AMERICA,

        Appellee,

v.

ERIK HOLMAN,

        Defendant-Appellant.

</td><td>

No. 14–10494

D.C. No.
2:11–cr–00457–JCM–CWH–1

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted November 19, 2015[**]
San Francisco, California

Before: McKEOWN, RAWLINSON, and PARKER,[†] Circuit Judges.

Defendant-Appellant Erik Holman appeals from a judgment of conviction for

one count of conspiracy to commit wire fraud and fourteen counts of wire fraud. *See*

18 U.S.C. §§ 1343, 1349. The prosecution arose from a scheme to embezzle funds

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2); 9th Cir. R. 34-4.

[†] The Honorable Barrington D. Parker, Jr., Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

from American Family Insurance ("AFI"), the employer of his former life partner and business associate, John Provost.

On appeal, Holman contends that the trial evidence was insufficient to establish his guilt on all counts. He also claims that the district court erred in declining to dismiss the indictment for failure to collect and preserve potentially exculpatory evidence, in admitting prejudicial, irrelevant testimony at trial, and by imposing a substantively and procedurally unreasonable sentence. We affirm.

To establish a violation of due process based upon the Government's failure to collect or preserve potentially exculpatory evidence, Holman must show that the Government acted in bad faith and that he was unable to obtain comparable evidence by other reasonably available means. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988); *United States v. Sivilla*, 714 F.3d 1168, 1172 (9th Cir. 2013). The magistrate judge to whom the motion was referred found that the Government did not in bad faith fail to collect and preserve potentially exculpatory emails and documents on Provost's work laptop because they had already been destroyed pursuant to AFI's document destruction policy before the Government commenced its investigation. Because Holman did not object to the magistrate's report and recommendation, he cannot now challenge the magistrate judge's factual finding that the Government did not act in bad faith. *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2011) ("Failure to object to a magistrate's factual findings waives the right to challenge those findings."). In any

2

event, the magistrate judge correctly concluded that the Government did not act in bad faith. *See United States v. Flyer*, 633 F.3d 911, 916 (9th Cir. 2011) ("Bad faith requires more than mere negligence or recklessness.").

Holman's challenge to his conspiracy conviction also fails. The Government introduced evidence sufficient for the jury to conclude beyond a reasonable doubt that Holman knowingly participated in the conspiracy. Among other things, the Government proved that Holman participated in the scheme to defraud by setting up a sham private investigative firm, Holman Information Services ("HIS"), to which Provost issued checks from AFI for services HIS never provided, and that Provost and Holman made personal use of the funds.

The evidence was also sufficient to support Holman's wire fraud convictions. To sustain a conviction for wire fraud, the Government had to prove (i) a scheme to defraud, (ii) use of the wires in furtherance of the scheme, and (iii) a specific intent to deceive or defraud. *United States v. Shipsey*, 363 F.3d 962, 971 (9th Cir. 2004). The Government introduced evidence sufficient to prove that Holman established a sham business that was used by Provost to facilitate a scheme to defraud AFI through the use of the wires, pursuant to which a series of deposits charged in the substantive wire fraud counts were deposited into an account which Holman used for personal purposes.

3

Holman additionally contends that the district court improperly allowed testimony that he showed a lack of compassion and concern while in the hospital after Provost attempted suicide. While we have significant doubts as to the relevance of this testimony, we do not believe that the district court abused its discretion in admitting the evidence as some proof of the closeness of Holman and Provost's relationship. Even assuming the testimony should not have been admitted, any error was harmless in light of the substantial evidence of Holman's guilt. *See United States v. Merino-Balderrama*, 146 F.3 758, 761 (9th Cir. 1998).

Finally, the district court did not commit procedural or substantive error in sentencing Holman to thirty-seven months incarceration followed by three years of supervised release, a sentence at the bottom of the Sentencing Guidelines range. Holman's arguments for a sentence of three years of supervised release essentially consisted of rearguing his defenses at trial. Our review of the record indicates that the district court properly calculated Holman's Guidelines range and did not impose a substantively unreasonable sentence. Moreover, the district court adequately indicated that it had considered the 18 U.S.C. § 3553(a) factors and the statements and materials submitted by counsel and satisfactorily explained the sentence it imposed.

**AFFIRMED.**

4